IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ROBERT MARTIN**                                                                        **PLAINTIFF**
ADC #164621

v.                         Case No. 4:20-cv-01361-LPR-JJV

**FLUD, Administrator,**                                            **DEFENDANTS**
**Lonoke County Detention Center;** *et al.*

## ORDER

The Court has reviewed the Proposed Findings and Recommended Disposition submitted by United States Magistrate Judge Joe J. Volpe. (Doc. 18). Judge Volpe recommends dismissal of Plaintiff Robert Martin's official capacity claims against all Defendants. (*Id.* at 6). Judge Volpe also recommends dismissal of the personal capacity claims against Defendants Medlin and Elkin. (*Id.*).

With respect to all the official capacity claims, Judge Volpe explained that Mr. Martin failed to "allege that a policy, unofficial custom, or deliberately indifferent failure to train or supervise was the moving force behind any alleged violation" by Defendants. (*Id.* at 3). With respect to the personal capacity access-to-the-courts claim against Defendant Medlin, Judge Volpe concluded that Mr. Martin failed to explain how any alleged tampering with paperwork by Defendant Medlin caused prejudice to Mr. Martin. (*Id.* at 4-5). And with respect to Defendant Elkin, Judge Volpe explained that Mr. Martin's brief mention of Defendant Elkin in the Amended Complaint did not explain what specifically Defendant Elkin allegedly did to injure Mr. Martin. (*Id.* at 5).

On February 10, 2021 Mr. Martin filed an Objection to the Proposed Findings and Recommended Disposition. (Doc. 25). He asserted that there is documentation of his previous

visits to hospitals and that there is documentation of medical requests and grievances. (*Id.* at 1). He stated that he was prescribed medication to treat gallstones but that his doctor in detention did not have previous medical documentation for Mr. Martin. (*Id.* at 1-2). According to Mr. Martin, the prescribed medication did not resolve his symptoms. (*Id.* at 2). Mr. Martin described that he continued to request treatment, but Defendants did not obtain his previous medical records or take him to a hospital as Mr. Martin had requested. (*Id.*).

Mr. Martin's Objection did nothing to undermine the correctness of Judge Volpe's Proposed Findings and Recommended Disposition. Mr. Martin's Objection did not suggest there was any policy or custom (or anything else) that might justify official capacity claims against one or more Defendants. Mr. Martin's Objection did not show that Judge Volpe had missed some factual detail that was in the Amended Complaint about the actions of Defendant Medlin or Defendant Elkin. And the new information provided in the Objection about "the facility doctor" (even if we assume this is Dr. Elkin) does not rise to the level of deliberate indifference. (Doc. 25 at 2).

On April 8, 2021, more than two months after Judge Volpe filed his Proposed Findings and Recommended Disposition and just shy of two months after Mr. Martin filed his Objection, Mr. Martin filed an untitled document that is perhaps best referred to as a Notice. (Doc. 38). In the Notice, Mr. Martin described Defendant Elkin as his doctor and stated that Dr. Elkin is now in the process of retrieving Mr. Martin's past medical records. (*Id.* at 1). Mr. Martin also states that he is confused about what medication Dr. Elkin is prescribing him and that Dr. Elkin has been rude and has had a negative attitude toward Mr. Martin. (*Id.* at 2). He complains that Dr. Elkin will not let him speak during their appointments and will cut off Mr. Martin's explanation of his problems. (*Id.*)

Even if I were to consider this untimely filing, the Notice does not show that Judge Volpe missed something in his review and analysis of the Amended Complaint. Indeed, even the new information in the Notice does not rise to the level of deliberate indifference to a serious medical need. On the contrary, it appears that Dr. Elkin is remedying Mr. Martin's complaints regarding retrieval of previous medical records and is pursuing a treatment plan.

After a careful and *de novo* review of the Proposed Findings and Recommended Disposition (Doc. 18), Mr. Martin's Objection, the subsequent Notice, and the entire record, the Court concludes that the Proposed Findings and Recommended Disposition should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects.

IT IS THEREFORE ORDERED that:

1. Mr. Martin's official capacity claims be dismissed without prejudice.

2. Mr. Martin's claims against Defendants Medlin and Elkin be dismissed without prejudice.

3. Defendants Medlin and Elkin be dismissed from this lawsuit.

4. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this 26th day of April 2021.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE